530

FILED

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name Strow      Thomas      D
   (Last)      (First)      (Initial)

Prisoner Number V47104

Institutional Address 4001 Highway 104

Mule Creek State Prison, Ione CA 95640

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

Thomas Daniel Strow
(Enter the full name of plaintiff in this action.)

vs.

M. Martel (Warden)

_____

_____

_____

(Enter the full name of respondent(s) or jailor in this action)

Case No. _____
(To be provided by the clerk of court)

**CRB**

**PETITION FOR A WRIT
OF HABEAS CORPUS**

**(PR)**

---

Read Comments Carefully Before Filling In

When and Where to File

      You should file in the Northern District if you were convicted and sentenced in one of these

counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

this district if you are challenging the manner in which your sentence is being executed, such as loss of

good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

      If you are challenging your conviction or sentence and you were not convicted and sentenced in

one of the above-named fifteen counties, your petition will likely be transferred to the United States

District Court for the district in which the state court that convicted and sentenced you is located. If

you are challenging the execution of your sentence and you are not in prison in one of these counties,

your petition will likely be transferred to the district court for the district that includes the institution

where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS      - 1 -

1  | Who to Name as Respondent

2  |     You must name the person in whose actual custody you are. This usually means the Warden or

3  | jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  | you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  | respondents.

6  |     If you are not presently in custody pursuant to the state judgment against which you seek relief

7  | but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  | custody you are now and the Attorney General of the state in which the judgment you seek to attack

9  | was entered.

10 | A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11 |     1. What sentence are you challenging in this petition?

12 |       (a)  Name and location of court that imposed sentence (for example; Alameda

13 |            County Superior Court, Oakland):

14 |       Humboldt Co. Superior Court     Eureka, CA

15 |            Court             Location

16 |       (b)  Case number, if known CRØ417545

17 |       (c)  Date and terms of sentence August 11, 2004 - 21 years

18 |       (d)  Are you now in custody serving this term? (Custody means being in jail, on

19 |            parole or probation, etc.)      Yes ✓   No ____

20 |            Where?

21 |            Name of Institution: Mule Creek State Prison

22 |            Address: 4001 Highway 104 IONE, CA 95640

23 |     2. For what crime were you given this sentence? (If your petition challenges a sentence for

24 | more than one crime, list each crime separately using Penal Code numbers if known. If you are

25 | challenging more than one sentence, you should file a different petition for each sentence.)

26 | 10 Counts of Cal. Penal Code Section 288(a)

27 |

28 |

PET. FOR WRIT OF HAB. CORPUS    - 2 -

3. Did you have any of the following?

    Arraignment:                             Yes ✓    No ____

    Preliminary Hearing:                  Yes ✓    No ____

    Motion to Suppress:                  Yes ____    No ✓

4. How did you plead?

    Guilty ✓    Not Guilty ____    Nolo Contendere ____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have? N/A

    Jury ____    Judge alone____    Judge alone on a transcript ____

6. Did you testify at your trial? N/A          Yes ____    No ____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment               Yes ✓    No ____

    (b)    Preliminary hearing        Yes ✓    No ____

    (c)    Time of plea             Yes ✓    No ____

    (d)    Trial N/A             Yes ____    No ✓

    (e)    Sentencing             Yes ✓    No ____

    (f)    Appeal               Yes ✓    No ____

    (g)    Other post-conviction proceeding N/A Yes ____    No ✓

8. Did you appeal your conviction?         Yes ____    No ____

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal          Yes ✓    No ____

        Year: 2005    Result: Denied

        Supreme Court of California    Yes ✓    No ____

        Year: 2006    Result: Denied

        Any other court           Yes ____    No ✓

        Year: _____    Result: _____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

1   petition?                         Yes ✓        No____

2   ___(c)   Was there an opinion?              Yes____    No ✓

3   (d)   Did you seek permission to file a late appeal under Rule 31(a)?

4                                      Yes____    No ✓

5   If you did, give the name of the court and the result:

6   _____

7   _____

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?          Yes ✓    No____

10  [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11  challenged the same conviction you are challenging now and if that petition was denied or dismissed

12  with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13  for an order authorizing the district court to consider this petition. You may not file a second or

14  subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15  U.S.C. §§ 2244(b).]

16  (a)   If you sought relief in any proceeding other than an appeal, answer the following

17       questions for each proceeding. Attach extra paper if you need more space.

18       I.   Name of Court: Humboldt Co. Superior Court of CA

19            Type of Proceeding: Habeas Corpus

20            Grounds raised (Be brief but specific):

21            a. See attached

22            b._____

23            c._____

24            d._____

25            Result Dismissed          Date of Result: 9/12/06

26       II.  Name of Court: CA State Court of Appeal

27            Type of Proceeding: Habeas Corpus

28            Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS      - 4 -

Information for pages 4 & 5 question 9(a) I, II, & III
(Grounds in State Habeas Corpus)

Ground 1  Guilty Plea Resulting from Ineffective Assistance of Counsel

Ground 2  Ineffective Assistance of Counsel on Appeal

Ground 3  Sentence Excessive Based on Greater Punishment than the
          Legislature Intended

Ground 4  Disproportionate Sentence

Ground 5  Prosecutorial Misconduct

Ground 6  Testimonal Evidence Obtained Without Opportunity for
          Cross Examination was Admitted via Hearsay

Ground 7  State Created Right Arbitrarily Denied

1    a. Same Grounds (see attached)

2    b.

3    c.

4    d.

5    Result: Denied            Date of Result: 11/2/06

6    III.    Name of Court: Supreme Ct. of the State of CA

7    Type of Proceeding: Habeas Corpus

8    Grounds raised (Be brief but specific):

9    a. Same Grounds (see attached)

10   b.

11   c.

12   d.

13   Result: Denied            Date of Result: 7/11/07

14   IV.    Name of Court: _____

15   Type of Proceeding: _____

16   Grounds raised (Be brief but specific):

17   a.

18   b.

19   c.

20   d.

21   Result: _____ Date of Result:_____

22   (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                          Yes____    No  X

24   Name and location of court: _____

25   B. GROUNDS FOR RELIEF

26   State briefly every reason that you believe you are being confined unlawfully. Give facts to

27   support each claim. For example, what legal right or privilege were you denied? What happened?

28   Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1  need more space. Answer the same questions for each claim.

2      [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5      Claim One:  See attached

6

7      Supporting Facts:  "        "

8

9

10

11      Claim Two:  "        "

12

13      Supporting Facts:  "        "

14

15

16

17      Claim Three:  "        "

18

19      Supporting Facts:  "        "

20

21

22

23      If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 6 -

## Issue #1

### Guilty Plea Resulting from Ineffective Assistance of Counsel

In violation of Petitioner's right to Effective Assistance of Counsel as guaranteed by the United States Constitution, and the Fifth and Fourteenth and Sixth Amendments,

## Issue #1 Facts

On April 1, 2004 Petitioner was arraigned in Humboldt County Superior Court of the State of California. Petitioner was charged with 10 of California Penal Code Section 288(a). Alternative Conflict Counsel was appointed Petitioner for legal representation. Attorney Hugh Gallagher was present for that office and informed the Court of intent to enter pleas of not guilty for each count.

After the above stated arraignment hearing, Attorney Kevin Robinson, also also of the Alternative Conflict Counsel's office, was appointed for Attorney-Client visits and was present for subsequent hearings.

During the initial Attorney-Client visit with Mr. Robinson on or about April 4, 2004, Petitioner was advised by Mr. Robinson as to the charges in general, a maximum exposure of 26 years, legal rights and possible courses of action. The courses of action were: to retain the plea of not guilty to all charges and to go to trial or to plead Guilty at the preliminary and undergo a Cal. P.C. 288.1 psychiatric evaluation persuant to Cal. P.C. Section 1203.066 (c) to overcome presumed ineligibility for probation

Petitioner was advised by Mr. Robinson that unless pleas of guilty were entered on all counts he would not be the 288.1 evalution to overcome probation ineligibility. Petitioner, who wanted to be able to be granted probation, receive treatment and go home to his 1 year old son, elected to enter an unconditional guilty plea.

Petioner asserts that he was not fully aware that this was not necesarily going to secure probation at that time though due to a high state of anxiety that he was not able to receive treatment for at the Humboldt County Correctional Facility. In fact petitioner's anxiety medication was taken from him during intake / booking at the Humboldt County Correctional Facility. Due to this high state of anxiety petitioner was not fully cognizant. Constant complaints to receive medical treatment went unheeded for most of Petitioners detention at the Humboldt County Correctional Facility. Finally a facility psychiatrist was sent to speak with Petitioner several time. This was the extent of treatment for petitioner's anxiety as well as stress.

Notwithstanding there were some special allegations that were part of the charges. Petitioner was not advised in regards to these special allegations by Attorney Robinson previous the entry of plea of guilty on all counts.

During the hearing that was set for preliminary Mr. Robinson made a statement during the reading of the charges that petitioner was to plea to. This state-ment was, "I don't know ~~but~~ if it helps your Honor, but the remaining nine counts are identical". This statement was immediatly rebutted by the prosecuting attorney. Ms. Jackson, the prosecuting attorney informed the court that there were special allegations with regards to counts 3 and 10 making the crimes more serious.



At the sentencing hearing held on August 11, 2004, Attorney Kevin Robinson was present as counsel for the petitioner.

Mr. Robinson entered a Statement in Mitigation. In that document Mr. Robinson asserted that: the "crime would have best been more appropriately charged under the resident child molester statute," was and that, "this pattern is exactly what was contemplated when the residential child molester statute was enacted".

The statute in question, Cal. Penal Code Section 288.5 had not been presented to petitioner during any Attorney-Client meetings as being the more appropriate charging scheme for petitioner's crime, nor was petitioner aware or advised that he was being charged in a manner converse to Legislative intent.

Had petitioner been made aware of Cal. P.C. Section 288.5 and its intent as opposed to the meaning and intent of Cal. P.C. 288(a) and the special allegations petitioner would have urged Attorney Kevin Robinson to negotiate a plea bargain where the crime would be more appropriately charged as 288.5 in exchange for a plea of guilty instead of a plea of guilty unconditionally ende entered out of fear of imprisonment instead of getting probation treatment and being being able to go home to raise his son.

Petitioner believes these special allegations to be elements of the crime and that Attorney Robinson's failure to advise petitioner of these elements left

petitioner unable to make a fully informed and voluntary guilty plea, especially given petitioner's mental state of extremely high anxiety. Due to this petitioner claims Ineffective Assistance of Counsel.

Petitioner also claims that Attorney Robinson's failure to inform Petitioner of his being inappropriately charged in a manner contrary to Legislative intent and not negotiating for a more favorable plea constitute Ineffective Assistance of Counsel

Issue #2

Ineffective Assistance of Counsel on Appeal

In violation of Petitioner's right to Effective Assistance of Counsel as guaranteed by the United States Constitution, and the fifth and Fourteenth and Sixth Amendments, appellate counsel failed to advance claims

Issue #2 Facts

On appeal, Petitioner's appointed counsel failed to advance claims that should have been raised on appeal and are raised in this ground and grounds 3 through 6 of this petition

At the sentencing hearing for petitioner, Mr. Robinson, petitioner's appointed trial counsel entered a Statement in Mitigation in which a case which was cited it was determined that, "When the testimony of the child victim is generic, and consequently unspecific as to time and place due process issues arise".

Since the charging scheme did survive such due process issues during the proceedings, it would have been appropriate to raise these issues on appeal, and to also argue for resentencing or even retrial with an eye towards sentence reduction.

Appellate counsel should have made an argument for the case to be retried under the residential child molester statute, Cal. Penal. Code Section 288.5, to advance a claim based on Attorney Kevin Robinsons arguement made in the Statement in Mitigation submitted to the Court at the sentencing hearing.

In the Statement in Mitigation the following statements were made: 'the case is best treated under the residential child molester statute', and, 'the

case is best analyzed as a continuous course
of conduct where defendant engaged in 3 or
more acts of substantial ~~conduct~~ sexual conduct
with the minor over a period exceeding 90 days,'
and,'clearly this pattern is exactly what was
contemplated when the residential child molester
statute was enacted.

 Petitioner therefore raises grounds 3 through 6
in the attempt to adress these due process issues.

Issue #3

Sentence Excessive Based on Greater Punishment Than
the Legislature Intended

In violation of Petitioner's right to Due Process at
Sentencing, as guaranteed by the United States
Constitution, and the fifth and fourteenth Amendments,
Court sentenced defendant excessivly

## Issue #3 Facts

California Legislature codified a statute, Cal. Penal Code Section 288.5 to be used in charging residential child molesters in a uniform manner.

Even though petitioner was the offender type contemplated in the enactment of Cal. P.C. Section 288.5, prosecution elected to charge in a manner inconsistent with Legislative intent.

Thus, petitioner was sentenced to the mitigated term of 3 years for the first count and 2 years, being 1/3 the mid-range term for the remain counts which were run consecutively for 10 counts of Cal P.C. 288 (a).

Imposition of this excessive considering the mitigated term of Cal. P.C. section 288.5 would have fetched a term of 6 years.

In the Statement in Mitigation submitted by petitioner's counsel at the sentencing hearing Mr. Robinson wrote, "The case is best analyzed as a continuous course of where Mr. Strow engaged in three or more acts of substantial sexual conduct with the minor over a period exceeding 90 days," and that, "this pattern is exactly what was contemplated when the residential child molester statute was enacted".

Petitioner asserts that this was a single course of abberant conduct and had never happened before nor were there any other victims.

In the probation report prepared by Parole Officer Angela Circe, Ms Circe states that "defendant's exposure of 21 years seems excessive given his predicted ability to respond to treatment," in which she was referring the report made persuant to Cal. Penal Code 288.1. This "288.1 report" was prepared by Mr. Ron Kokish, a psychiatrist from Narum and Associates appointed by the Court to evaluate petitioner.

Ms Circe also states in the probation report that, "it seems that society as a whole would benefit from defendant's treatment than his costly incarceration," and, "this officer believes that 21 years of incarceration is not in the best intrest of society."

The statements made by the Court during the sentencing proceedings would indicate that the Court believed that the petitioner should have received probation. The statements of the Court were: "I think that this is an individual who... would be a good canidate for probation" and, "this is the unusual case where probation should be granted".

The issue of whether to grant probation or not boiled down to the issue of whether it would be in the victims best intrest or not as mandated in Cal. P.C. Section 1203.066 specifically subsection (c)(2), this subsection was to be addressed by the psychiatrist or psychologist appointed persuant to Cal. P.C. Section 288.1. This psychiatrist, Mr. Ron Kokish of Narum & Assoc.

failed to include consideration of Cal. P.C. Section 1203.066 (c)(2) as set forth in subsection (c)(6) paragraph 2 in Cal. P.C. section 1203.066.

The issue of whether the grant probation to the defendant would be in the best intrest of the child was left up to the Court to decide without the guidance of the psychiatric consideration mandated by Legislature. This was done over defence objection to that determination absent psychiatric consideration.

Petitioner was denied probation and sentenced to 21 years which certainly seems to be quite excessive when probation was a serious consideration.

Issue #4

## Disproportionate Sentence

In violation of Petitioner's right to Freedom from Cruel and Unusual Punishment, as guaranteed by the United States Constitution, and the Fifth and Fourteenth and Eighth Amendments, sentence is of a legnth which is disproportionate with actual crime committed given the propensities of the Petitioner.

## Issue #4 Facts

When the facts in ground 3 are taken into account together with the Courts absence of consideration of the personal characteristics and the propensities of the offender imposition of a 21 year sentence seems to be grossly disproportionate.

Sentencing decisions must take into account the nature of the offence and/or the offender with degree both present to society.

In the psychiatric evaluation report prepared by Mr. Ron Kokish of Narum & Assoc. persuant to Cal. Penal Code 288.1, Mr Kokish states that "statistically Mr. Strow is a low-risk for reoffence ..." indicating that petitioner is not a danger to society.

During the sentencing proceedings it was stated by the Court that the petitioner "was found not to be a danger to the community, necessarily, or not pose a high risk danger, I suppose,...[he] has a good chance at rehabilitation.

The Advisory Committee comment following the Rules of Court rule for Circumstances in Aggravation in the 2005 Thompson-West Desktop Edition of the California Penal Code, while not codified as law notwithstanding states, "for the determination of sentence, justice usually requires... that there be taken into account the circumstances of the offence together with the propenities of the offender."

Petitioner believes that fundamental fairness demands a sentence more proportionate with the circumstances of the crime and the propensities of the offender.

Petitioner believes that Cal. Penal Code Section 288.5 to be a more appropriate statute for the crime to be charged as and fit the circumstances of the crime and the characteristics and propensities of the offender. This statute, had the crime been charged under it, given that the low-term would have been used due to mitigating circumstances, would have resulted in a sentence of 6 years.

Notwithstanding petitioner believes that had all or some of 10 counts of Cal. P.C. Section 288(a) a more proportionate sentence would have been created considering the circumstances of the crime taken together with the characteristics and propensities of the offender.

In the Statement in Mitigation submitted at sentencing Attorney Kevin Robinson asserts, "For the purposes of determining whether the crimes were distinct separate offences so as to justify consecutive over concurrent sentencing, absent a determination in a jury trial setting, the court must conclude that the acts were a single course of conduct..."

Mr Strow acknowledges three contacts in his statement to the probation officer and therefore, consecutive sentences for those three acts over the

last four years would justify consecutive sentences."

In the section of the Statement in Mitigation that was designated 'Criteria Affecting Consecutive Sentences [Rule 4.425; 4.426]' Attorney Robinson states, "assuming the factors of 4425 listed below apply, the court could select a prison term of 3 years for the principal offence, and 2 consecutive terms, reflecting a total term of 7 years. There is no basis for the application of the terms of 4.425 to the other 7 terms on this record."

Rule 4.425 (a)(1): The crimes and thier objectives cannot be shown to be predominantly independent of each other and may be part of a single course of conduct on one or more ~~occal~~ occasions.

Rule 4.425 (a)(2): The crimes do not involve separate acts of violence or threats of violence.

Rule 4.425 (a)(3): The crimes cannot be shown to have been committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of abberant behavior.

Rule 4.425 (b): Any circumstances in aggravation or mitigation except that used to impose upper term, to enhance prison sentence or that which is an element of the crime can be used in considering conncurrent or consecutive sentences.

## Issue #5

## Prosecutorial Misconduct

In violation of Petitioner's right to a Fair Trial, as guaranteed by the United States Constitution, and the Fifth and Fourteenth Amendments, Prosecution elected to prosecute in a manner inappropriate for crime committed introduced hearsay and speculation as fact for which there was no opportunity for confrontation and rebuttal

## Issue #5 Facts

Crime committed was a single period of abberant behavior.
There was no factual evidence support an indication that the crime had previously occurred.

There was however a few findings in the "288.1 Evaluation" report prepared by Mr. Ron Kokish of Narum and Associates that led to misleading interpretations and speculation by the prosecuting attorney.

One such statement made was that, 'AASI Probability Values indicate that he is likely concealing additional, extra-familial victims.' As this statement is false this suprized Petitioner. Petitioner would like to know how this conclusion was arrived at and based on what testing.

Used in this instance the word 'likely' is misleading as the meaning of this word is "probable" however it can not be taken to mean that the statement is definitely true.

Since this statement was not supported by any evidence prosecution chose to speculate on this statement and misinterpret the evaluation report. In fact testing is inherintly inaccurate and leads to erroneous results. This possibility for error was admitted to petitioner by Mr. Kokish during one of the evaluation sessions.

Petitioner's attorney similarly remarked during the sentencing proceedings, "the testing that Mr. Kokish used when he does such tests, when he does such an

evaluation, is inherintly inaccurate".

Nonetheless the prosecuting attorney introduced an uncorraborated hearsay statement during the sentencing proceeding to try and justify his unwarranted speculation.

This hearsay was introduced when the victim passed the prosecuting attorney a note alleging that a friend of hers was also victimized by the petitioner.

There have been no charges forthcoming surrounding this allegation. In fact there was a visit from the Humbolt County D.A's office by an investigator made to the petitioner while petitioner was at the San Quentin reception center facility. It would seem that if there had been any merit to the allegation that formal charges would have been filed.

Prosecution also speculated upon the findings in the "288.1 Evaluation" report that, "in terms of sexual deviance, [Mr. kokish] states Mr. Strow closely matches child molesters on the MSI, molester's comparison scale," and that, "interestingly, Mr. Strow's score of 20 on the MSI rapist comparison scale closely matched that of admitting rapists and exceeded the mean score of the normal comparison group by nearly three standard deviations."

Petitioner contends that there is nothing in these findings that should be surprising, after all it is true that petitioner had admitted to being guilty as charged and was thus an "admitting rapist" and a "child molester" due to committing the crime at hand.

Attorney Kevin Robinson in the opening statement made by him as defence counsel at the sentencing hearing acknowledged this. Mr. Robinson stated, "Mr. Strow immediately took the opportunity of pleading guilty to everything he was charged with in hopes of confronting his own past, receiving treatment, giving the minor and his family the best opportunity to cure themselves..."

Petitioner believes that it is important to question what the distinguishing attributes of the individuals that comprise this "normal comparison group" are. Answering this question would provide guidance in interpreting the test results and perhaps why petitioners resulting score of 20 being three deviations above this comparison group would be significant.

Prosecution also chose to read a laundry list of allegations which were essentially elements of the crime, in doing this he sometimes stated what was one instance in different ways so as to cause the appearance of more instances than there really were. It appears to petitioner that this was done with a view towards shocking the conscience. This laundry list reading was done both during the hearing set for preliminary on April, 14, 2004 after guilty plea was entered and during sentencing without a chance for rebuttal of the allegations set forth in that reading.

This laundry list of allegations was used in justifing the imposition of consecutive sentencing when California

Rules of Court rule 4.425(6) mandate that an element of
the crime cannot be used in imposition of consecutive
sentencing.
   Petitioner believes that the prosecuting attorney violated
petitioner constitutional rights when he used what was
elements of the crime in justifing his recommendation
for consecutive sentencing. Thus the Court also erred
by the imposition of a consecutive sentence.

# Issue #6

## Testimonial Evidence Obtained Without Opportunity for Cross-Examination Was Admitted via Hearsay

In violation of Petitioner's right to Confrontation, as guaranteed by the United States Constitution, and the Fifth and Fourteenth, and Sixth Amendments, Prosecution entered harmful hearsay as testimony.

## Issue #6 Facts

Prosecution quoted from police report a laundry list of allegations, at times quoting what was a singular incedent several times in different wordings as if there were numerous incidences for which petitioner and his counsel had no opportunity to confront or to rebutt the allegations.

An especially harmful testimonial was introduced to the court. This also was done with out a chance for confrontation or rebuttal. This testimony was a written hearsay statement of a false allegation passed to the prosecuting attorney from the victim. After briefly speaking with petitioner's defence counsel, of which petitioner was not informed of what was said, prosecution stated that, "there would be indications that there -- that she was not the only person that was victimized, but one of her friends also.

This hearsay was uncorroborated and untrue. To date there have been no charges forthcoming for this allegation.

It would seem, petitioner believes, that this uncorraborated testimony would most certainly would have had an impact upon the Court and therefore and impact upon his final judgement at sentencing.

The above happened during the sentencing proceedings.

Issue # 7

State Created Right Arbitrarily Denied

In violation of Petitioners right to Due Process, as guaranteed by the United States Constitution, and the fifth and fourteenth and Sixth Amendments, trial court failed to honor established state court proceedure over defence objection.

## Issue # 7 Facts

Trial court's denial of probation based on a report, (that report being the "288.1 Evaluation" report prepared by Ron Kokish,) that failed failed to meet the statutory requirements of California Penal Code Section 1203.066, subdivision (c)(a), over defence objection, constituted an abuse of discretion.

At petitioner's sentencing hearing, defence counsel objected to the court's reliance on the report prepared by Ron Kokish persuant to Cal. P.C. Section 288.1 for the reason that report was incomplete and did not meet the requirements of Cal. P.C. 1203.066 (c), to wit: to include a consideration of whether or not probation was in the victims best intrest.

Defence counsel further elaborated that insufficiency of this was not resolved by the probation report, and that the matter should be reffered to a qualified professional for the full statutorily required evaluation evaluation

Petitioner's defence counsel asserted that the only person who could make the evaluation required would be a professionally qualified psychologist or psychiatrist, and not a lawyer, prosecutor, police officer, or parent.

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2   are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3   of these cases:

4   Strickland v Washington, 466 US 668 (1984); Hill v Lockhart, 474 US 52 (1965)

5   Boykin v Alabama 395 US 238 (1965); Smith v Robbins 528 US 259 (2000)

6   Rutledge v United States, 517 US 292 (1966) -- See attached --

7   Do you have an attorney for this petition?                    Yes____    No ✓

8   If you do, give the name and address of your attorney:

9   _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on January 10, 2008

14         Date                            Signature of Petitioner

15

16

17

18

19

20   (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 7 -

Additional Case Citations

Solem v Helm, 483 US 277 (1983)

Harmelin v Michigan, 501 US 957 (1991)

Gregg v Georgia, 428 US 153 (1976)

Darden v Wainwright, 477 US 168 (1986)

Berger v United States, 295 US 78 (1935)

Crawford v Washington, 124 S.Ct. 1354 (2004)

Hicks v Oklahoma, 447 US 343 (1980)

United States v Safirstien, 827 F.2d 1380 (9th Cir 1987)

Townsend v Burke 344 US 736 (1948)

People v Van Hoek (1988) 200 Cal. App. 3d 811

People v Jones (1990) 51 Cal 3rd 294

Thomas O Strow V47104
Mule Creek State Prison
P.O. Box 409060    11-248
Ione, CA 95640

RECEIVED

JAN 2 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States Dist. Courthous
for the Northern Dis
U.S. Courthouse
450 Golden Gate Ave
San Francisco, CA
94102-3483