EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
GREGORY A. OTT
Deputy Attorney General
PAMELA K. CRITCHFIELD
Deputy Attorney General
State Bar No. 168024
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-3664
  Telephone: (415) 703-5952
  Fax: (415) 703-1234
  Email: pamela.critchfield@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **THOMAS DANIEL STROW,**<br><br>               Petitioner,<br><br>    v.<br><br>**M. MARTEL, Warden,**<br><br>               Respondent. | C 08-0629 CRB (PR)<br><br>**ANSWER TO ORDER TO SHOW CAUSE** |

      Respondent hereby provides this answer to the order to show cause why the petition for writ of habeas corpus should not be granted.

**I.**

**INTRODUCTION**

      Petitioner is lawfully in the custody of Michael Martel, Warden of Mule Creek State Prison in Ione, California, as a result of a judgment of conviction in Humboldt County Superior Court Case No. CR041754S for ten counts of lewd and lascivious conduct with a child under 14. Petitioner was sentenced to 21 years in state prison.

## II.

### GENERAL AND SPECIFIC DENIALS

Respondent denies that the state court's ruling was based on an unreasonable determination of the facts or was contrary to or involved an unreasonable application of clearly established United States Supreme Court law. Respondent specifically denies that petitioner was denied effective assistance of trial or appellate counsel, that probation was erroneously denied, that consecutive sentences were erroneously imposed, that prosecutorial misconduct occurred.

## III.

### PROCEDURAL DEFAULTS

Petitioner's claims 3, 4 and 7 are not cognizable on federal habeas. Petitioner's federal habeas petition was timely filed.

## IV.

### LODGED EXHIBITS

Respondent has lodged concurrently with this answer the following exhibits: (1) state court Clerk's Transcript (1 volume); (2) state court Reporter's Transcript (1 volume); (3) Appellant's Opening Brief (A107521); (4) Respondent's Brief (A107521); (5) Appellant's Reply Brief (A107521); (6) unpublished opinion by the California Court of Appeal (A107521); (7) petition for review; (8) order denying petition for review by California Supreme Court; (9) petition for writ of habeas corpus filed in the California Supreme Court; and (10) register of actions, California Supreme Court, documenting denial of habeas petition. Respondent incorporates by reference the accompanying memorandum of points and authorities.

1    Dated:  August 26, 2008

2                          Respectfully submitted,

3                          EDMUND G. BROWN JR.
                           Attorney General of the State of California

4                          DANE R. GILLETTE
                           Chief Assistant Attorney General

5                          GERALD A. ENGLER
6                          Senior Assistant Attorney General

7                          GREGORY A. OTT
                           Deputy Attorney General

8
                           /s/ Pamela K. Critchfield
9
                           PAMELA K. CRITCHFIELD
10                         Deputy Attorney General

11                         Attorneys for Respondent

PKC:jw
12    20135487.wpd

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Answer to Order to Show Cause - C 08-0629 CRB (PR)

3

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Thomas Daniel Strow v. M. Martel, Warden**

No.:    **C 08-0629 CRB (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>August 26, 2008</u>, I served the attached

**ANSWER TO ORDER TO SHOW CAUSE;**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER;**

**NOTICE OF LODGED EXHIBITS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Thomas D. Strow**
**V47104**
**Mule Creek State Prison**
**P.O. Box 409060**
**Ione, CA 95640**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 26, 2008, at San Francisco, California.

| | |
|---|---|
| J. Wong | |
| Declarant | Signature |

20135796.wpd

1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   DANE R. GILLETTE
    Chief Assistant Attorney General
3   GERALD A. ENGLER
    Senior Assistant Attorney General
4   GREGORY A. OTT
    Deputy Attorney General
5   PAMELA K. CRITCHFIELD
    Deputy Attorney General
6   State Bar No. 168024
      455 Golden Gate Avenue, Suite 11000
7     San Francisco, CA 94102-3664
      Telephone: (415) 703-5952
8     Fax: (415) 703-1234
      Email: pamela.critchfield@doj.ca.gov
9   Attorneys for Respondent

10                  IN THE UNITED STATES DISTRICT COURT

11               FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13
    **THOMAS DANIEL STROW,**                        C 08-0629 CRB (PR)
14
                                   Petitioner,
15
                   **v.**
16
    **M. MARTEL, Warden,**
17
                                   Respondent.
18

19      **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER**
20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

Page

3   STATEMENT OF THE CASE                                                     1

4   STATEMENT OF FACTS                                                         2

5   ARGUMENT                                                                   2

6       I.    PETITIONER RECEIVED EFFECTIVE ASSISTANCE OF
              COUNSEL AS TO THE PLEA                                           2
7
              A.   Standard Of Review                                         3
8
              B.   No Ineffective Assistance For Failing To Negotiate A More Favorable Plea
9                                                                             3

10      II.   PETITIONER RECEIVED EFFECTIVE ASSISTANCE OF
              COUNSEL AS TO HIS DIRECT APPEAL                                  6
11
        III.  PETITIONER'S CLAIM THAT PROBATION WAS
12            ERRONEOUSLY DENIED DOES NOT STATE A FEDERAL
              CLAIM                                                            7
13
        IV.   PETITIONER'S CLAIM THAT THE TRIAL COURT ERRED
14            BY IMPOSING A CONSECUTIVE SENTENCE IS NOT
              COGNIZABLE ON FEDERAL HABEAS                                     8
15
        V.    NO PROSECUTORIAL MISCONDUCT OCCURRED                            8
16
    CONCLUSION                                                                11
17

18

19

20

21

22

23

24

25

26

27

28

1                     **TABLE OF AUTHORITIES**

2                                                                       **Page**

3 **Cases**

4

5 *Adams v. Eyman*
  418 F.2d 911 (9th Cir. 1969)                                          8

6 *Bordenkircher v. Hayes*
  434 U.S. 357 (1978)                                          4
7

8 *Brecht v. Abrahamson*
  507 U.S. 619 (1993)                                      10

9 *Cacoperdo v. Demosthenes*
  37 F.3d 504 (9th Cir. 1994)                                   8
10

11 *Carey v. Musladin*
  127 S. Ct. 649 (2006)                                       3

12 *Clark v. Murphy*
  331 F.3d 1062 (9th Cir. 2003)                                3
13

14 *Darden v. Wainwright*
  477 U.S. 168 (1986)                                          9

15 *Duckett v. Godinez*
  67 F.3d 734 (9th Cir. 1995)                                   9
16

17 *Estelle v. McGuire*
  502 U.S. 62 (1991)                                           7

18 *Evitts v. Lucey*
  469 U.S. 387 (1985)                                        7
19

20 *Hill v. Lockhart*
  474 U.S. 52 (1985)                                        3, 6

21 *Johnson v. Sublett*
  63 F.3d 926 (9th Cir. 1995)                                   9
22

23 *Jones v. Barnes*
  463 U.S. 745 (1983)                                        7

24 *Lewis v. Jeffers*
  497 U.S. 764 (1990)                                        7
25

26 *Medina v. Hornung*
  372 F.3d 1120 (9th Cir. 2004)                                3

27 *Miller v. Keeney*
  882 F.2d 1428 (9th Cir. 1989)                                7
28

# TABLE OF AUTHORITIES  (continued)

| | Page |
|---|---|
| *Miller v. Vasquez*<br>868 F.2d 1116 (9th Cir. 1989) | 7, 8 |
| *People v. Grant*<br>20 Cal.4th 150 (1999) | 6 |
| *People v. Wutzke*<br>28 Cal.4th 923 (2002) | 8 |
| *Smith v. Robbins*<br>528 U.S. 259 (2002) | 6 |
| *Strickland v. Washington*<br>466 U.S. 668 (1984) | 3, 6 |
| *Thompson v. Borg*<br>74 F.3d 1571 (9th Cir. 1996) | 9 |
| *United States v. Armstrong*<br>517 U.S. 456 (1996) | 4 |
| *United States v. Palmer*<br>3 F.3d 300 (9th Cir.1993) | 4 |
| *Williams v. Taylor*<br>529 U.S. 362 (2000) | 3 |
| *Woodford v. Visciotti*<br>537 U.S. 19 (2002) (per curiam) | 3 |

**Statutes**

| | |
|---|---|
| United States Code, Title 28<br>    § 2254(d)(1) | 3 |
| California Penal Code<br>    § 1192.7(c)(6)<br>    § 1203.066(c)<br>    § 288.1<br>    § 288.5<br>    § 288(a) | 1<br>8<br>7, 9<br>2, 4, 6<br>1, 2, 6, 7 |
| Antiterrorism and Effective Death Penalty Act of 1996 | 3 |

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  GREGORY A. OTT
   Deputy Attorney General
5  PAMELA K. CRITCHFIELD
   Deputy Attorney General
6  State Bar No. 168024
      455 Golden Gate Avenue, Suite 11000
7     San Francisco, CA 94102-3664
      Telephone: (415) 703-5952
8     Fax: (415) 703-1234
      Email: pamela.critchfield@doj.ca.gov
9  Attorneys for Respondent

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13
   | THOMAS DANIEL STROW, | C 08-0629 CRB (PR) |
14 |                      |                    |
   |                    Petitioner, | **MEMORANDUM OF POINTS** |
15 |                      | **AND AUTHORITIES IN** |
   |         v.           | **SUPPORT OF ANSWER** |
16 |                      |                    |
   | M. MARTEL, Warden,   |                    |
17 |                      |                    |
   |                    Respondent. |          |
18

19

20              **STATEMENT OF THE CASE**

21         In April 2004, petitioner unconditionally pled guilty in Humboldt County Superior Court

22 to ten counts of lewd and lascivious conduct with a child under 14 (California Penal Code § 288(a))

23 with substantial sexual conduct (*id.* § 1192.7(c)(6)).  CT 104, 11-12; RT 1-11.  The trial court

24 sentenced petitioner to 21 years in state prison by imposing the lower term of three years on count

25 1 and nine consecutive two-year (one-third the midterm) terms on counts 2-10. CT 87-93; RT 37-38.

26         Petitioner's conviction and sentence were affirmed by the California Court of Appeal on

27 November 18, 2005.  Exhibit ("Exh.") 3.  The California Supreme Court denied review on February

28 1, 2006.  Exhs. 4 and 5.

1          On January 17, 2007, petitioner filed a petition for writ of habeas corpus in the California

2    Supreme Court, which was denied on July 11, 2007. Exhs. 6 and 7.

3          Petitioner arrived in this Court on January 10, 2008.

4    **STATEMENT OF FACTS**

5          Petitioner waived a preliminary hearing and pleaded guilty to ten counts of lewd and

6    lascivious conduct with his nine-year-old stepdaughter. At the change of plea hearing, the factual

7    basis for the guilty plea was set forth as follows:

8    > On March 28th, 2004, Child Welfare Services cross-reported to the Arcata Police
9    > Department regarding a nine-year-old's disclosure that – to her mother and counselor, that
10   > the defendant had been molesting her. The police department contacted the victim's
     > mother, who stated that she confronted the defendant, and that he had molested – admitted
     > to molesting the child in this matter.

11   > Arcata Police Department contacted the defendant, and he admitted to molesting the
12   > victim many times. He described acts that constituted masturbation and oral copulation.
     > He admitted to orally copulating the child.

13   > And the CAST interview was conducted. The child described that the molest occurred or
14   > started at the location in Counts One through Three, which is the K street house. She
     > described the defendant touching skin to skin; described digital penetration and his
15   > masturbation, and described the defendant orally copulating her at that residence.

16   > She said that also that he continued to molest her at the location, Q Street, that is in Counts
     > Four through Ten. She described being molested in the living room and the bedroom. She
17   > described the same acts as the K Street house: Masturbation, digital penetration and oral
     > copulation.

18   > The defendant was then reinterviewed, giving more details of the multiple molests, where
     > he admitted to, again, more acts of masturbation, more acts of oral copulation, having the
19   > victim actually – well, numerous acts of oral copulation in each of the rooms of the house.

20   RT 9-10.

21   **ARGUMENT**

22   **I.**

23   **PETITIONER RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL**
     **AS TO THE PLEA**
24

25         Petitioner first alleges that defense counsel rendered ineffective assistance by failing to

26   negotiate a plea bargain in which petitioner could have pleaded guilty to continuous sexual abuse

27   of a child pursuant to California Penal Code § 288.5 instead of the 10 separate counts of lewd and

28   lascivious conduct with a child under 14 pursuant to Penal Code § 288(a) to which petitioner pled.

1   The state court's rejection of this claim was not objectively unreasonable.

2   **A.   Standard Of Review**

3       This Court must review the state court's ruling under a "highly deferential" standard

4   imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Woodford v.*

5   *Visciotti*, 537 U.S. 19, 24 (2002) (per curiam); *accord, Medina v. Hornung,* 372 F.3d 1120, 1124

6   (9th Cir. 2004) (review under AEDPA is "[e]xtraordinarily deferential to the state courts").

7       Under 28 U.S.C. § 2254(d)(1), the federal court has no authority to grant habeas relief

8   unless the state court's ruling was "contrary to, or involved an unreasonable application of," clearly

9   established United States Supreme Court precedent. A state court's decision is "contrary to" law if

10  the state court arrives at a legal conclusion opposite to that reached by the Supreme Court, or reaches

11  a different conclusion based on facts materially indistinguishable from a Supreme Court case.

12  *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court's decision constitutes an "unreasonable

13  application" of Supreme Court precedent if the state court identifies the correct governing legal

14  principles, but the application of law to the facts is not merely erroneous, but "objectively

15  unreasonable." *Id.* at 411-413; *accord, Clark v. Murphy*, 331 F.3d 1062, 1067-1069 (9th Cir. 2003).

16  Further, habeas relief must be based on "clearly established Supreme Court law." *See Carey v.*

17  *Musladin*, 127 S. Ct. 649 (2006). The petitioner bears the burden of showing that the state court's

18  decision was an unreasonable application of such law. *Woodford v. Visciotti*, 537 U.S. at 25.

19  **B.   No Ineffective Assistance For Failing To Negotiate A More Favorable Plea**

20      To show ineffective assistance of counsel, petitioner must demonstrate (1) that the defense

21  attorney's representation "fell below an objective standard of reasonableness" and (2) that the

22  attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability

23  that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

24  *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In a guilty-plea case, like the present case,

25  "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable

26  probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted

27  on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

28      Petitioner argues that he would have urged defense counsel to negotiate a more favorable

1  plea and counsel's failure to negotiate a plea bargain in which petitioner pled to California Penal

2  Code § 288.5 (continuous sexual abuse of a child) constituted ineffective assistance.  Petition

3  ("Pet.") at 6c-6e.  Not so.  Defense counsel cannot be held accountable for failing to coerce the

4  prosecution into offering a different and/or more favorable plea bargain.  Indeed, the prosecutor has

5  broad discretion in making charging decisions, unless petitioner can show that the charging decision

6  rested on an impermissible basis such as gender, race, or denial of a constitutional right, which he

7  does not allege in this case.  *See United States v. Armstrong,* 517 U.S. 456, 463-64 (1996); *United*

8  *States v. Palmer,* 3 F.3d 300, 305 (9th Cir.1993).  There is no federal constitutional requirement that

9  the prosecution charge in a manner that presents only the most narrow charge available or does not

10 present alternative theories of guilt.  "[S]o long as the prosecutor has probable cause to believe that

11 the accused committed an offense defined by statute, the decision whether or not to prosecute, and

12 what charge to file or bring before a grand jury, generally rests entirely in his discretion."

13 *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978).

14        Further, it is simply not possible that the prosecution would have offered a plea bargain

15 in which petitioner could have pleaded guilty to California Penal Code § 288.5.  At the sentencing

16 hearing, the prosecution explained that the case could have been charged in a different way, but that

17 the defense and the prosecution decided not to proceed to a preliminary hearing and petitioner

18 decided to plead to the counts as charged.  The explanation of the prosecution is set forth as follows:

19        . . . as [defense counsel] indicated, this is a case that did not go to preliminary hearing.
          We could have charged this various different ways.  The situation is that this – this little
20        girl of nine years old disclosed on March 26th that the defendant's been molesting her.  On
          a cross-report, Arcata Police Department gets involved.  They receive additional cross-
21        reports citing the defendant came into Mental Health on the 26th of March and was – after
          the mother had confronted him and says he'd been involved in sexual activities with her
22        since she's seven years old.  This is conduct that's gone on for over – for approximately
          two years.  And I would suggest that the conduct goes way beyond what we're talking
23        about in terms of what's actually alleged in this particular case.  But this is the way it was
          charged, and this is fine.  He pled to those things and this is an appropriate way to proceed.
24

25        They contact – Arcata contacts the mother; states that she confronted the defendant about
          htis and he admitted that he put his hand down her – the little girl's underwear.  He'd put
26        – the victim had put her hand in his underwear; that he'd been orally copulating the victim
          and the victim had been doing various things to him in terms of saying she was climbing
27        on top of him.  These are things that are in the probation report.

28        The defendant goes and talks to Arcata Police department and admits to molesting the

1    victim eight to nine times. That's what he says. These are also the eight to nine separate
      times that that had happened. He describes one – one, victim on his lap, and things that
2    happened in terms of what he says – is saying that she's doing. Then just the weekend
      before he talks to Arcata police, he is saying the victim's putting her hands inside his
3    underwear. There's various sexual conduct in that way. That they were watching
      television and that there was sexual conduct in that way. And once in the living room that
4    there had been an oral copulation that the defendant had performed. On another occasion,
      the victim – the defendant had asked the victim to orally copulate him. These are all
5    things that he's talking about that are all what I – sounds to me are all separate incidents.

6    He then adds, "There's more incidents," describing the victim putting his hand down – her
      hand down his pants and this type of conduct.

7

8    Then the victim is CAST'd. There's a CAST interview. She describes – this is just
      pursuant to the report – that the first time the defendant molested her was in the K Street
      house where they lived, and there was vaginal touching, skin to skin at that time, and
9    digital penetration, masturbation. She describes oral copulation at – at this particular
      house on K Street.

10

11   She said that the defendant continued to molest her when they moved to the Q Street
      house and that he molested her in the living room and in the bedroom.

12   She describes similar acts in the K Street house, masturbation and digital penetration. She
      said that the defendant orally copulated her a lot between the ages of eight and nine years
13   old. She said the last incident was in the living room a few weeks ago and the defendant
      offered her ice cream to molest her.

14

15   The defendant's reinterviewed, gives more details of multiple molests, and there are
      additional details. Specifically, defendant said that the time the victim got on his lap, he
      had her masturbate him and he ejaculated. There were additional under-the-cover
16   incidents where he had – the victim orally copulated him.

17   A couple of weeks ago he said that he and the victim were in bed and he had her
      masturbate him. And then right after Valentine [sic] day, this year, he remembers an oral
18   copulation incident with the victim. These are all things in terms of just these particular
      counts.

19

20   There's considerably more than just a couple of times that this – happened, or there could
      be arguably situations where it would be all part of a – one course of conduct.
      And then he also describes on another occasion where he orally copulated the child and
21   then he had her orally copulate him.

22   So with regards to all that, I don't think that there's a situation where we need to talk about
      gee, this should be – there's – some of these incidents should be concurrent versus
23   consecutive. I think that they're – clearly the fact pattern, if we had gone to preliminary
      hearing, which was a decision clearly that both the People and the defense made the
24   decision not to do, and I'm not saying that – not arguing that was inappropriate, but that
      there would have been – sounds to me clearly that there could have been a lot more
25   incidents charged than were charged. And I think that that was a decision that the defense
      made.

26

27   RT 23-26.

28       The prosecutor's statement at sentencing explains why the case was charged as ten separate

1  counts of lewd and lascivious conduct pursuant to Penal Code § 288(a), and why petitioner chose

2  to plead guilty rather than to proceed to a preliminary hearing. On this record of numerous separate

3  and distinct admissions of sexual abuse by petitioner and the statements of the victim enumerating

4  separate incidents of abuse at two specific locations, it was unlikely that petitioner would have been

5  offered a plea bargain in which he was charged with one count of continuous sexual abuse of a child

6  pursuant to California Penal Code § 288.5.[1/] Indeed, as the prosecution explained, had the case

7  proceeded to a preliminary hearing, the prosecution would most likely have charged more counts

8  under § 288(a) than those to which petitioner pled.

9       Petitioner has failed to demonstrate that counsel rendered ineffective assistance by failing

10  to procure a more favorable plea bargain or that he was prejudiced because he would have chosen

11  to proceed to trial rather than plead guilty. *Hill v. Lockhart,* 474 U.S. at 52.

12  <center>**II.**</center>

13  **PETITIONER RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL
14  AS TO HIS DIRECT APPEAL**

15       Petitioner next complains that appellate counsel rendered ineffective assistance by failing

16  to argue that the case should have been re-charged and tried under Penal Code § 288.5 instead of

17  Penal Code § 288(a).

18       The *Strickland* standard applies to appellate counsel. *Smith v. Robbins,* 528 U.S. 259, 285

19

---

20      1. Penal Code § 288.5 prohibits a *continuing course of conduct:* the repeated sexual abuse
21  of a minor by an adult who has regular access to the minor. As explained in *People v. Grant,* 20
Cal.4th 150, 155-156 (1999), "[b]efore the passage of section 288.5, such crimes were generally
22  charged under subdivision (a) of section 288 (section 288(a)). The latter statute proscribes the willful
and lewd commission of 'any lewd or lascivious act' on or with a child under the age of 14 years,
23  with 'the intent of arousing, appealing to, or gratifying the lust, passions or sexual desires of the
perpetrator or the child. Often, the child in section 288(a) cases would relate multiple acts of
24  molestation over a lengthy period of time but could not recall with specificity where, when, or how
individual acts of sexual abuse had occurred. As a consequence, the pleadings in such cases generally
25  omitted such specifics." Unlike § 288(a), which proscribes an *act* of molestation, § 288.5 prohibits
a *continuing course of conduct:* the repeated sexual abuse of a minor by an adult who has regular
26  access to the minor. Thus, to establish a violation of section 288.5, the jury must unanimously agree
that during the period alleged in the indictment or information the defendant engaged in a pattern
27  of abuse that included at least three acts of molestation, but it need not agree on when or where these
28  acts occurred.

1  (2002); *Evitts v. Lucey*, 469 U.S. 387 (1985). Claims of ineffective counsel on appeal require a

2  showing of prejudice, i.e., whether, but for counsel's errors, petitioner would have prevailed on

3  appeal. *Miller v. Keeney*, 882 F.2d 1428, 1434, fn. 9 (9th Cir. 1989). Appellate counsel, however,

4  has no constitutional obligation to raise every nonfrivolous issue requested by the appellant. *Jones*

5  *v. Barnes*, 463 U.S. 745, 751 (1983).

6          Contrary to petitioner's characterization of this claim, as explained in Argument I, *supra*,

7  defense counsel was not ineffective for failing to procure a better plea offer for petitioner. Indeed,

8  as the prosecutor explained at the sentencing hearing, if the case had proceeded to preliminary

9  hearing, the prosecution might well have charged more counts under California Penal Code § 288(a)

10 than it did. On this record, defense counsel could not be expected to have negotiated a plea bargain

11 to which the prosecution would not agree.

12         This, petitioner cannot possibly demonstrate prejudice because the argument would not

13 have been successful on appeal. *Miller v. Keeney*, 882 F.2d at 1434, fn. 9. Accordingly, this claim

14 should be denied.

15                                        **III.**

16 **PETITIONER'S CLAIM THAT PROBATION WAS ERRONEOUSLY**
   **DENIED DOES NOT STATE A FEDERAL CLAIM**

17

18         Petitioner next claims that the trial court's denial of probation was error because the

19 California Penal Code § 288.1 psychological report failed to consider whether probation would have

20 been in the best interest of the child.

21         Whether the sentencing judge properly applied California sentencing laws is a question

22 of state law not subject to federal habeas review. *See Miller v. Vasquez*, 868 F.2d 1116, 1118-19

23 (9th Cir. 1989); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not

24 lie for errors of state law. . . ."); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, petitioner's

25 claim that the trial court erred by denying probation is not cognizable on federal habeas.

26         Notwithstanding the fact that the claim is not cognizable, the trial court committed no error

27 by sentencing petitioner to 21 years in prison and denying probation. As the California Court of

28 Appeal explained, Ron Kokish, the expert who prepared the Penal Code § 288.1 report on petitioner,

Memorandum of Points and Authorities in Support of Answer - C 08-0629 CRB (PR)

7

1    did address victim considerations related to sentencing and the state court was satisfied with the

2    report's consideration of the victim's best interest factor as specified in California Penal Code §

3    1203.066(c). Petitioner was not prejudiced by the decision in any event. Probation is not required

4    even where favorable findings under California Penal Code § 1203.066(c) are made. The state

5    sentencing court retains the discretion to find the defendant unsuitable for probation and to order

6    imprisonment. *See People v. Wutzke*, 28 Cal.4th 923, 932, n. 7 (2002). Contrary to petitioner's

7    argument, the § 288.1 report did take the victim's best interest into consideration and the trial court's

8    ruling was based on "all the factors presented." *See* RT 35.

9        Because this claim of sentencing error is not cognizable on federal habeas, this claim

10    should be denied.[2/]

11 <div align="center">**IV.**</div>

12    **PETITIONER'S CLAIM THAT THE TRIAL COURT ERRED BY**
   **IMPOSING A CONSECUTIVE SENTENCE IS NOT COGNIZABLE ON**

13    **FEDERAL HABEAS**

14        Petitioner next claims that the trial court erred by imposing consecutive rather than

15    concurrent sentences on the counts to which he pleaded guilty. Again, an alleged abuse of discretion

16    by the trial court in choosing consecutive sentences cannot form the basis for federal habeas relief.

17    *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("[t]he decision whether to impose

18    sentences concurrently or consecutively is a matter of state criminal procedure and is not within the

19    purview of federal habeas corpus"); *Adams v. Eyman*, 418 F.2d 911, 912 (9th Cir. 1969) (where

20    petitioner questioned whether sentence was imposed in conformance with state procedures, no

21    federal question was presented).

22        Accordingly, this claim should be denied.

23 <div align="center">**V.**</div>

24    **NO PROSECUTORIAL MISCONDUCT OCCURRED**

25        Petitioner's next argument is that the prosecutor committed misconduct at the sentencing

26 _____

27      2. Petitioner's claim seven also argues that the trial court erred by denying probation and by

   incorrectly relying on the psychological report. Again, the claim of sentencing error is not

28    cognizable on federal habeas. *See Miller v. Vasquez*, 868 F.2d at 1118-19.

1   hearing by revealing that after he spoke with the victim, there was an indication "that [the victim]

2   was not the only person that was victimized, but one of her friends was also." RT 29. The

3   prosecutor elaborated:

4       My point is only this, your Honor, is that under all of the circumstances, when you have
        a situation where a person is involved in conduct like this over a considerable period of

5       time, that that kind of – despite the defendant's description of it is [sic] something that just
        happened with this particular person – I think that he – he clearly, under the circumstances,

6       poses a threat to the community. The – scoring that was done by Mr. Kokish [the court-
        appointed psychologist] reflects that, that [petitioner's] been involved in other incidents.

7

8   *Id.*

9           Petitioner argues here that these comments by the prosecutor constitute misconduct

10  because there is no evidence to support the statement. Notably, defense counsel made no objection

11  to these comments. In any event, the prosecutor's comments do not rise to the level of prosecutorial

12  misconduct. Habeas relief is warranted only if the prosecutor's comments "so infected the trial with

13  unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477

14  U.S. 168, 181 (1986) (citation omitted); *accord, Johnson v. Sublett,* 63 F.3d 926, 929 (9th Cir.

15  1995). Because the standard of review on federal habeas corpus is "the narrow one of due process,

16  and not the broad exercise of supervisory power," even improper argument does not necessarily

17  violate a defendant's constitutional rights. *Thompson v. Borg,* 74 F.3d 1571, 1576 (9th Cir. 1996)

18  (citation omitted); *Duckett v. Godinez,* 67 F.3d 734, 743 (9th Cir. 1995). Furthermore, even if

19  constitutional error occurred, habeas relief is unavailable unless the error had a substantial and

20  injurious effect or influence on the jury's verdict. *Johnson v. Sublett,* 63 F.3d at 930; *see also*

21  *Thompson v. Borg,* 74 F.3d at 1576.

22          The trial court relied on the report prepared by psychologist Ron Kokish pursuant to

23  California Penal Code § 288.1 to sentence petitioner. The report addressed "victim considerations"

24  and included the view of the victim's mother that petitioner not be at large in the community. The

25  report also noted that petitioner had likely molested "extra-familial" victims. Moreover, in a letter

26  addressed to the court by the victim's mother, she stated that she believed her daughter was not

27  petitioner's only victim. *See* Exh. 3 at 2-3, fn. 1. Thus, the trial court was informed about the

28  potential of additional victims from several other sources besides the prosecutor.

1    The trial court's ultimate decision to deny probation and sentence petitioner to 21 years

2  was based on "all the factors presented" (RT 35), including the best interest of the child, petitioner's

3  potential to re-offend, and petitioner's acceptance of responsibility. The prosecutor's statement that

4  the victim told him that petitioner had molested one of her friends was not instrumental in the

5  sentencing decision. Thus, even if considered misconduct, the prosecutor's statement did not have

6  a substantial and injurious effect or influence on the trial court's sentencing decision. *Johnson*, 63

7  F.3d at 930.

8    Accordingly, this claim should be denied.[3/]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    3. Petitioner's claim six reiterates the argument made above that evidence of other

27  molestations was prejudicially admitted at sentencing. As set forth in Argument V, *supra*, even
    assuming the admission of this evidence was objected to, petitioner was not prejudiced. *See Brecht*

28  *v. Abrahamson*, 507 U.S. 619, 637 (1993).

1

## CONCLUSION

2          For the reasons stated above, respondent respectfully asks this Court to deny the petition

3    for writ of habeas corpus.

4          Dated:  August 26, 2008

5                                    Respectfully submitted,

6                                    EDMUND G. BROWN JR.
                                     Attorney General of the State of California

7                                    DANE R. GILLETTE
                                     Chief Assistant Attorney General
8
                                     GERALD A. ENGLER
9                                    Senior Assistant Attorney General

10                                   GREGORY A. OTT
                                     Deputy Attorney General
11
                                     /s/ Pamela K. Critchfield
12
                                     PAMELA K. CRITCHFIELD
13                                   Deputy Attorney General

14                                   Attorneys for Respondent

15   PKC:jw
     20135488.wpd

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GERALD A. ENGLER
Senior Assistant Attorney General
4 | GREGORY A. OTT
Deputy Attorney General
5 | PAMELA K. CRITCHFIELD
Deputy Attorney General
6 | State Bar No. 168024
   455 Golden Gate Avenue, Suite 11000
7 | San Francisco, CA 94102-3664
   Telephone: (415) 703-5952
8 | Fax: (415) 703-1234
   Email: pamela.critchfield@doj.ca.gov
9 | Attorneys for Respondent

10 | IN THE UNITED STATES DISTRICT COURT

11 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

12 | SAN FRANCISCO DIVISION

13

14 | **THOMAS DANIEL STROW,**                    C 08-0629 CRB (PR)

                              Petitioner,     **NOTICE OF LODGED EXHIBITS**

15 | **v.**

16 | **M. MARTEL, Warden,**

17 |                              Respondent.

18

19

20 |        (1) state court Clerk's Transcript (1 volume);

21 |        (2) state court Reporter's Transcript (1 volume);

22 |        (3) Appellant's Opening Brief (A107521);

23 |        (4) Respondent's Brief (A107521);

24 |        (5) Appellant's Reply Brief (A107521);

25 |        (6) unpublished opinion by the California Court of Appeal (A107521);

26 |        (7) petition for review;

27 |        (8) order denying petition for review by California Supreme Court;

28 |        (9) petition for writ of habeas corpus filed in the California Supreme Court; and

Notice of Lodged Exhibits - C 08-0629 CRB (PR)

1            (10) register of actions, California Supreme Court, documenting denial of habeas petition.

2       Dated:  August 26, 2008

3                     Respectfully submitted,

4                     EDMUND G. BROWN JR.
                    Attorney General of the State of California

5                     DANE R. GILLETTE
                    Chief Assistant Attorney General

6

7                     GERALD A. ENGLER
                    Senior Assistant Attorney General

8                     GREGORY A. OTT
                    Deputy Attorney General

9

10                     /s/ Pamela K. Critchfield

11                     PAMELA K. CRITCHFIELD
                    Deputy Attorney General

12                     Attorneys for Respondent

PKC:jw
20135489.wpd

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Lodged Exhibits - C 08-0629 CRB (PR)

2