IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS D. STROW, | |
|     Petitioner, | No. 08-0629 CRB (PR) |
| v. | **MEMORANDUM AND ORDER DENYING PETITION FOR HABEAS CORPUS** |
| MICHAEL MARTEL, Warden, | |
|     Respondent. | |

On April 14, 2004, Petitioner pleaded guilty in Humboldt County Superior Court to ten counts of lewd and lascivious conduct with a child under the age of fourteen (Cal. Penal Code § 288(a)) and admitted that the offenses involved substantial sexual conduct (id. § 1203.066(a)(8)). The trial court sentenced Petitioner to twenty-one years in state prison by imposing the lower term of three years on count one and nine consecutive two-year (one-third the midterm) terms on counts two through ten.

On November 18, 2005, the California Court of Appeal affirmed the judgment of the trial court and, on February 1, 2006, the California Supreme Court denied review.

On January 17, 2007, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. It was denied on July 11, 2007.

/

/

On January 28, 2008, Petitioner filed a petition for writ of habeas corpus in this Court. The Court found that, when liberally construed, the claims in the petition appeared cognizable under 28 U.S.C. § 2254 and ordered Respondent to show cause why a writ of habeas corpus should not be granted. Respondent has filed an answer and Petitioner has filed a traverse.

## BACKGROUND

The factual basis for Petitioner's guilty plea was set forth at his change of plea hearing:

> On March 28, 2004, Child Welfare Services cross-reported to the Arcata Police Department regarding a nine-year old's disclosure that – to her mother and counselor, that the defendant had been molesting her. The police department contacted the victim's mother, who stated that she confronted the defendant, and that he had molested – admitted to molesting the child in this matter.
>
> Arcata Police Department contacted the defendant, and he admitted to molesting the victim many times. He described acts that constituted masturbation and oral copulation. He admitted to orally copulating the child.
>
> And the CAST interview was conducted. The child described that the molest [*sic*] occurred or started at the location in Counts One through Three, which is the K Street house. She described the defendant touching skin to skin; described digital penetration and his masturbation, and described the defendant orally copulating her at that residence.
>
> She said also that he continued to molest her at the location, Q Street, that is in Counts Four through Ten. She described being molested in the living room and the bedroom. She described the same acts as the K Street house: masturbation, digital penetration and oral copulation.
>
> The defendant was then reinterviewed, giving more details of the multiple molests [*sic*], where he admitted to, again, more acts of masturbation, more acts of oral copulation, having the victim actually – well, numerous acts of oral copulation in each of the rooms of the house.

Rep. Tr. at 9-10.

Petitioner was charged with ten counts of lewd and lascivious conduct with a child under the age of fourteen. Upon the advice of counsel, Petitioner pleaded guilty to all ten counts and admitted that the offenses involved "substantial sexual conduct" under California Penal Code § 1203.066(a)(8), making him ineligible for probation unless the conditions provided in subdivision (c) of the same statute were met.

In exchange for Petitioner's plea of guilty to all counts, the prosecution agreed not to charge him with other instances of molestation. As the prosecution noted at sentencing, "the conduct goes way beyond what we're talking about in terms of what's actually alleged in this particular case. But this is the way it has been charged, and this is fine. He pled to those things and this is the appropriate way to proceed." Rep. Tr. at 23.

At sentencing, the court accepted the appointed expert's conclusion that probation was not in the best interest of the child and denied probation. It sentenced Petitioner to twenty-one years in state prison.

## DISCUSSION

**I.    Standard of Review**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in

3

1  its independent judgment that the relevant state-court decision applied clearly established
2  federal law erroneously or incorrectly. Rather, that application must also be unreasonable."
3  Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask
4  whether the state court's application of clearly established federal law was "objectively
5  unreasonable." Id. at 409.

   The only definitive source of clearly established federal law under 28 U.S.C. §
   2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the
   state court decision. See id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003).
   While circuit law may be "persuasive authority" for purposes of determining whether a state
   court decision is an unreasonable application of Supreme Court precedent, only the Supreme
   Court's holdings are binding on the state courts and only those holdings need be
   "reasonably" applied. Id.

## II.     Claims & Analysis

Petitioner raises five claims for relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) improper denial of probation and concurrent sentences; (4) cruel and unusual punishment; and (5) prosecutorial misconduct.

### 1.     Ineffective Assistance of Trial Counsel

Petitioner claims that trial counsel was ineffective because counsel failed to inform him that he was being inappropriately charged with ten separate counts of lewd and lascivious conduct with a child under the age fourteen under § 288(a), rather than with one or two counts of continuous sexual abuse of a child under the age for fourteen under § 288.5. According to Petitioner, counsel should not have advised him to plead guilty to ten counts under § 288(a) and instead should have negotiated a more favorable plea bargain under which Petitioner could have pleaded to continuous sexual abuse of a child under § 288.5. Petitioner also claims that counsel was ineffective because it failed to inform Petitioner fully of the special allegations that were attached to the molestation charges.

To demonstrate ineffective assistance of counsel, a defendant must show both that his

4

counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The two-part Strickland test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In order to establish ineffective assistance of counsel with regard to a plea, Petitioner must show that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Id. at 58-59.

Petitioner has not shown that counsel was ineffective under Strickland. Petitioner's claim that he was inappropriately charged under § 288(a), rather than § 288.5, is without merit. The prosecutor could have charged Petitioner under § 288(a) or § 288.5, and chose the former. The decision was well within the prosecutor's discretion. See Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). Defense counsel cannot be held accountable for the prosecutor's charging decision or for failing to convince the prosecutor to offer Petitioner a more favorable plea bargain.

The record shows that counsel's advice to accept the prosecutor's plea offer was well within the range of competence demanded of attorneys in criminal cases. See Strickland, 466 U.S. at 688-89. By pleading guilty to the ten charged counts of molestation and admitting that there was substantial sexual conduct, Petitioner avoided being charged with additional instances of molestation. He also preserved the possibility that he would be granted probation if he met the requirements set out in § 1203.066(c). That the court later determined that Petitioner did not satisfy one of the requirements of § 1203.066(c) (i.e., subsection (c)(2) (the best interests of the child)) and denied probation is not a basis for habeas relief. Cf. Womack v. Del Papa, 497 F.3d 998, 1002-03 (9th Cir. 2007) (attorney's incorrect prediction as to likely sentence following guilty plea does not amount to erroneous advice, or satisfy the deficiency prong of Strickland, simply because trial court ultimately imposed longer sentence). Petitioner has not established that counsel's advice amounted to a "gross mischaracterization of the likely outcome of a plea bargain combined with . . . erroneous advice on the probable effects of going to trial." Sophanthavong v. Palmateer, 378 F.3d 859, 868 (9th Cir. 2004) (citation and

5

1 internal quotation marks omitted). Nor has Petitioner established that there is a reasonable
2 probability that, but for counsel's alleged errors, he would not have pleaded guilty and would
3 have insisted on going to trial. Hill, 474 U.S. at 59. Petitioner is not entitled to federal habeas
4 relief on his claim of ineffective assistance of trial counsel. See 28 U.S.C. § 2254(d).

5 Petitioner's claim that counsel was ineffective because counsel failed to inform him fully
6 of the special allegations that were attached to the molestation charges does not compel a
7 different conclusion. The record makes clear that Petitioner was aware of the special allegations
8 during his change of plea hearing. And contrary to his suggestion, the special allegations did not
9 preclude him from being considered for probation. Section 1203.066(a)(8) allows for probation
10 provided that the conditions of § 1203.066(c) are met. Petitioner received a probation suitability
11 hearing and was denied probation because the court determined that probation was not in the best
12 interests of the child under § 1203.066(c)(2), not because Petitioner was precluded from probation
13 under § 1203.066(a)(8).

14 **B.     Ineffective Assistance of Appellate Counsel**

15 Petitioner claims that appellate counsel was ineffective because counsel failed to raise on
16 appeal Petitioner's claim that he should have been charged under § 288.5, rather than § 288(a).

17 Claims of ineffective assistance of appellate counsel are reviewed according to the
18 standard set out in Strickland. Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989). A
19 defendant must show that counsel's advice fell below an objective standard of reasonableness
20 and that there is a reasonable probability that, but for counsel's unprofessional errors, he
21 would have prevailed on appeal. Id. at 1434 & n.9.

22 Petitioner's claim is without merit because he has not shown that there is a reasonable
23 probability that, had appellate counsel argued that Petitioner should have been charged under §
24 288.5 rather than § 288(a), Petitioner would have prevailed on appeal. See id. As discussed earlier,
25 Petitioner's improper charging statute claim lacks merit, as does his accompanying claim of
26 ineffective assistance of trial counsel. Petitioner is not entitled to federal habeas relief on his claim
27 of ineffective assistance of appellate counsel. See 28 U.S.C. § 2254(d).

28 In his traverse, Petitioner alleges that "on the whole, [] clear due process issues were not

6

raised by appellate counsel." But such conclusory claims (especially when raised for the first time in the traverse) are not enough to establish ineffective assistance of appellate counsel. Nor are any of the other claims petitioner raises here and the court rejects. See infra. It simply cannot be said that there is a reasonable probability that, had appellate counsel raised any of the claims raised here and not on appeal, Petitioner would have prevailed on appeal. See Miller, 882 F.2d at 1434 & n. 9.

### C. Improper Denial of Parole & Concurrent Sentences

Petitioner claims that the trial court erred in denying him probation and in sentencing him consecutively, rather than concurrently, on the ten counts to which he pleaded guilty.

Petitioner's claims are not cognizable in federal habeas because it is well established that whether a sentencing judge properly applied California sentencing law is a question of state law not subject to federal habeas review. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989); see also Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) ("[t]he decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus"). In addition, the California Court of Appeal's determination that the trial court properly denied probation on the ground that it was not in the best interest of the child, is binding on this court. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus).

### D. Cruel and Unusual Punishment

Petitioner claims that the sentence imposed – twenty-one years in state prison – constitutes cruel and unusual punishment in violation of the Eighth Amendment. The claim is without merit.

A criminal sentence that is not proportionate to the crime for which the defendant was convicted violates the Eighth Amendment. Solem v. Helm, 463 U.S. 277, 284 (1983) ("[The Eighth Amendment] prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed."). But the Eighth Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime." Ewing v. California, 538 U.S. 11, 23 (2003). A sentence will be found grossly disproportionate only in "exceedingly

7

rare" and "extreme" cases. Lockyer v Andrade, 538 US 63, 73 (2003). A sentence of twenty-one years in state prison for ten counts of child molestation is not one of those exceedingly rare and extreme cases. Cf. Harmelin v. Michigan, 501 U.S. 957, 996 (1991) (upholding sentence of life without possibility of parole for first offense of possession of 672 grams of cocaine); Cacoperdo v. Demosthenes, 37 F.3d 504, 508 (9th Cir. 1994) (sentence of ineligibility for parole for 40 years not grossly disproportionate when compared with gravity of sexual molestation offenses).

### E.     Prosecutorial Misconduct

Petitioner claims he was denied his due process right to a fair trial when the prosecutor improperly stated at the sentencing hearing that after he spoke with the victim, there was an indication "that [the victim] was not the only person that was victimized, but one of her friends was also." Rep. Tr. at 29. The prosecutor elaborated:

> My point is only this, your Honor, is that under all of the circumstances, when you have a situation where a person is involved in conduct like this over a considerable period of time, that that kind of – despite the defendant's description of it is [*sic*] something that just happened with this particular person – I think that he – he clearly, under the circumstances, poses a threat to the community. The – scoring that was done by Mr. Kokish [the court-appointed psychologist] reflects that, that [petitioner's] been involved in other incidents.

Id. Petitioner argues that the prosecutor's statements constituted misconduct because there is no evidence to support them.

A defendant's due process rights are violated when a prosecutor's misconduct renders a trial "fundamentally unfair." Darden v Wainwright, 477 U.S. 168, 181 (1986); see Smith v Phillips, 455 U.S. 209, 219 (1982) ("[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor."). To warrant habeas relief on the basis of a prosecutorial misconduct, the misconduct must have amounted to a violation of due process and have had a substantial and injurious effect or influence in determining the jury's verdict. See Johnson v. Sublett, 63 F.3d 926, 930 (9th Cir. 1995) (citing Brecht v Abrahamson, 507 U.S. 619, 637 (1993)).

Petitioner's claim is without merit because the record makes clear that he was not prejudiced by the prosecutor's statements. The court was informed about the potential of additional victims

8

from sources other than the prosecutor. The court-appointed psychologist noted in his report to the court that Petitioner had likely molested "extra-familial" victims and the victim's mother noted in a letter to the court that she believed that her daughter was not Petitioner's only victim. In view of this, and that the court's sentencing decision was based on a multitude of other factors, it cannot be said that the prosecutor's statements had a substantial and injurious effect or influence on the trial court's sentencing decision. See Brecht, 507 U.S. at 637. Petitioner is not entitled to federal habeas relief on his claim of prosecutorial misconduct. See 28 U.S.C. § 2254(d).[1]

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED.**

Dated: July 23, 2009

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner's related claim that the prosecutor's statements amounted to improper admission of evidence fails because, as noted above, it cannot be said that the prosecutor's statements had a substantial and injurious effect or influence on the trial court's sentencing decision. See Brecht, 507 U.S. at 637.

G:\CRBALL\2008\629\StrowOrderFinal.wpd     9